**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10021 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00603-JAS |
| v. | |
| JUAN JOSE FLORES-GALLARDO, a.k.a. Juan Jose Flores-Galardo, a.k.a. Juan Flores-Gallardo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Soto, District Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Juan Jose Flores-Gallardo appeals from the district court's judgment and

challenges the 77-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Flores-Gallardo contends that remand is warranted because the government improperly withheld a motion for a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  We disagree.  The record reflects that the government's decision to withhold the third point in this case was based on Flores-Gallardo's failure to plead guilty until after trial commenced.  This was not improper.  *See id*. at cmt. n.6

Flores-Gallardo next contends that his sentence is substantively unreasonable.  The district court did not abuse its discretion in imposing Flores-Gallardo's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The low-end sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Flores-Gallardo's criminal history and the need for deterrence.  *See Gall*, 552 U.S. at 51.  Moreover, the court's explanation of the sentence was adequate.  *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

We decline to reach on direct appeal Flores-Gallardo's claim that his trial counsel was ineffective.  *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).

**AFFIRMED.**

15-10021